**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AJAPPJR, LLC,** | ) | **CASE NO. 1:25-CV-02795** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| **v.** | ) | |
| | ) | **ORDER** |
| **ASSUREDPARTNERS OF OHIO, LLC, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## I. Introduction

On January 12, 2025, Defendants, AssuredPartners of Ohio, LLC ("Assured Partners") and Arthur J. Gallagher & Co., ("Arthur Gallagher") filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF Doc. 9 and ECF Doc. 11. Plaintiff filed briefs in opposition on February 11, 2026 (ECF Doc. 14 and ECF Doc. 15), and Defendants filed replies on March 4, 2026. ECF Doc. 17 and ECF Doc. 18. Because Plaintiff has not alleged sufficient facts under the *Iqbal/Twombly* standard of review, Defendants' motions to dismiss are GRANTED.

## II. Background

Assured Partners was Plaintiff's insurance broker for over twenty years. ECF Doc. 1-1 at p. 6. Plaintiff alleges that "due to errors and/or improper actions of Defendants … AJAPPJR has learned that the available business income loss coverage is inadequate and not sufficient to cover the actual loss suffered…" ECF Doc. 1-1 at 8. Plaintiff claims that it relied on Assured Partner's expertise and expected it to obtain adequate coverage for it. *Id.*

Regarding Defendant Arthur J. Gallagher & Co., Plaintiff alleges that, "upon information and belief," it now owns Assured Partners. ECF Doc. 1-1 at 5. Plaintiff's complaint does not assert any other specific allegations against Defendant Arthur J. Gallagher & Co.

In July 2025, a car collided with a utility pole impacting the electricity to the Tudor Arms Hotel, a building owned by Plaintiff. The power outage caused damage to one of the Hotel's HVAC units, and sixty-five guest rooms were taken out of service. ECF Doc. 1-1 at 7. Plaintiff believed that all of its losses, including the business loss of not being able to rent sixty-five hotel rooms, would be covered by insurance. *Id.* However, Plaintiff alleges it has now "learned" that the available business income loss is inadequate and blames Defendants. *Id.* Plaintiff's complaint includes the following claims: 1) Breach of Fiduciary Duty; 2) Negligence; and 3) Negligent Misrepresentation. ECF Doc. 1-1.

## III. Law & Analysis

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In

addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

### B. Analysis

#### 1. Assured Partners' Motion to Dismiss

Assured Partners argues that, because Plaintiff has not alleged that its insurer, Travelers, has denied Plaintiff's claim or issued a final coverage determination, Plaintiff's claims against Assured Partners are not ripe. Assured Partners also argues that Plaintiff has not alleged sufficient facts to state a valid claim against it because, as Plaintiff's insurance broker, its duty to Plaintiff in obtaining insurance was limited. Assured Partner's points out that Ohio law does not support the duty Plaintiff alleges it was owed by Defendants.

Plaintiff argues that it has stated valid claims against Plaintiff for breach of fiduciary duty, negligence and negligent misrepresentation. ECF Doc. 14. Plaintiff cites Ohio case law denying summary judgment to insurance agents who arguably did not obtain the insurance requested by their customers. *See, e.g. Robson v. Quentin E. Cadd Agency,* 179 Ohio App. 3d 298, 305, 2008 Ohio 5909, 901 N.E.2d 835 (2008). The Court has reviewed this case law and recognizes that, in some instances, Ohio law does recognize negligence-based claims against insurance agents for failure to obtain requested insurance. The problem is that Plaintiff has not alleged enough facts to show that this case law is applicable here.

Plaintiff's allegations for all three claims are based on its reliance on the long-standing business relationship it had with Assured Partners and its expectation that Assured Partners would (or should) know Plaintiff's insurance needs. The reason these allegations are insufficient is because Assured Partners' duty under Ohio law was limited to obtaining the insurance requested by its insured. Under Ohio law, the duty is to procure coverage *requested*, not

coverage *needed*. *Craggett v. Adell Ins. Agency*, 92 Ohio App. 3d 443, 453, 635 N.E.2d 1326, 1332–33 (8th Dist. 1993) (absent fiduciary relationship, agent has only duty to obtain requested coverage); *Fry v. Walters & Peck Agency, Inc.*, 141 Ohio App. 3d 303, 310, 750 N.E.2d 1194, 1199 (6th Dist. 2001).

Neither Plaintiff nor Assured Partners had a crystal ball to anticipate every loss Plaintiff could incur. If anything, Plaintiff was in a better position to anticipate its losses and could have made inquiries and/or requested specific insurance coverage. If the complaint had alleged that Plaintiff had made such inquiries and/or requested that Assured Partners obtain more business loss coverage, Plaintiff's negligence claim would survive. However, Plaintiff's complaint simply states that it relied on Assured Partners to anticipate its needs. This fails to state a claim under Ohio law because insurance agents do not have a duty to anticipate their clients' needs – they have a duty to obtain the insurance requested by their clients and to explain the insurance coverage. Because Plaintiff has not alleged any facts describing its questions or requests for more insurance; that Assured Partners failed to obtain requested insurance; and/or that Assured Partners negligently misrepresented the insurance it did obtain, Plaintiff has failed to state a claim against Assured Partners for negligence or negligent misrepresentation under Ohio law.

Plaintiff has also failed to state a claim for breach of fiduciary duty. Plaintiff's brief in opposition cites the general elements of a breach of fiduciary claim, which Ohio law recognizes. Breach of fiduciary claims are generally accepted in certain professional relationships such as doctor-patient or attorney-client. *Tornado Techs, Inc. v. Quality Control Inspection, Inc.,* 8th Dist. No. 97514, 2012-Ohio-3451. However, in Ohio a fiduciary relationship is *not* normally recognized in the insurance agent-client relationship, and Plaintiff has not alleged facts showing that such a relationship existed here. *Id.; Rose v. Landen*, 12th Dist. No. CA2004-06-066, 2005-

Ohio-1623, citing *Nielsen Ents., Inc. v. Ins. Unlimited Agency, Inc.,* 10th Dist. No. 85AP-781, 1986 Ohio App. LEXIS 6754 (May 8, 1986). *See also Roberts v. Maichl*, 1st Dist. No. C-040002, 2004-Ohio-4665. The fact that Plaintiff had a long-standing relationship with Assured Partners did not automatically create a fiduciary relationship. *See e.g., Nazareth Deli LLC v. John W. Dawson Ins. Inc.,* 10th Dist. No. 21AP-394, 2022-Ohio-3994 at ¶ 46. For this reason, Assured Partners is also entitled to dismissal of Plaintiff's breach of fiduciary duty claim.

Even if Plaintiff *had* alleged adequate claims against Assured Partners, it has not alleged sufficient facts to demonstrate that its claims are ripe. Assured Partners points out that Plaintiff has not alleged that its insurance company, Travelers, has even denied coverage. The complaint states only that Plaintiff has "learned that the available business income loss coverage is inadequate and not sufficient to cover the actual loss suffered by the Tudor Arms Hotel." ECF Doc. 1-1 at 8. Plaintiff does not address this argument in its brief in opposition and has arguably conceded that its claims are not ripe. Regardless, the Court agrees with Assured Partners that Plaintiff has not alleged enough facts to demonstrate that its claims against Assured Partners are ripe, and that is another basis for dismissal.

**2. Arthur J. Gallagher's Motion to Dismiss**

The only allegation in Plaintiff's complaint against Arthur Gallagher is that it now owns Assured Partners. ECF Doc. 1-1 at ¶ 2. Such an allegation is inadequate to establish any liability against Defendant Arthur Gallagher. Mere ownership or affiliation is not enough to state a claim against a parent entity. *See United States v. Bestfoods*, 524 U.S. 51, 61-62 (1998) (parent not liable for subsidiary's acts absent veil-piercing or the parent's own actionable conduct). Furthermore, even if Plaintiff's allegation against Arthur Gallagher was sufficient, Plaintiff has failed to state a claim against Assured Partners. Arthur Gallagher cannot be held

liable on a vague agency theory for Assured Partners because the claims against Assured Partners have now been dismissed. Accordingly, Arthur Gallagher is also entitled to dismissal of Plaintiff's claims against it.

## IV. Conclusion

For the reasons stated herein, Defendants' motions to dismiss (ECF Docs. 9 and 11) are **GRANTED.** Plaintiff has not alleged enough facts to avoid dismissal of its complaint under the *Iqbal/Twombly* standard of review.

Dated: March 13, 2026

*s/Dan Aaron Polster*
United States District Judge